■ In the Matter of BABY GIRL et al., Appellants. [627 NYS2d 431] —In a private-placement adoption proceeding, the petitioners appeal (1) from an order of the Family Court, Westchester County (Tolbert, J.), dated July 13, 1994, which dismissed their petition for adoption, and (2) as limited by their brief, from so much of an order of the same court, dated September 16, 1994, as, upon reargument, adhered to the prior determination.

Ordered that the appeal from the order dated July 13, 1994, is dismissed, as that order was superseded by the order dated September 16, 1994, made upon reargument; and it is further,

Ordered that the order dated September 16, 1994, is reversed insofar as appealed from, on the law, the order dated July 13, 1994, is vacated, and the petition for adoption is reinstated; and it is further,

Ordered that the appellants are awarded one bill of costs.

On May 10, 1993, the petitioners filed a petition in Family Court, Westchester County, applying for certification as quali-

fied parents of an adoptive child. After they provided the Family Court with the information required by Domestic Relations Law § 115-d, it certified them as qualified adoptive parents.

On December 22, 1993, the petitioners located a pregnant woman through an advertisement that they had placed in an Arizona newspaper. The woman subsequently decided to allow them to adopt her then unborn child. The woman gave birth to a baby girl on May 2, 1994, and the petitioners took custody of the child on May 5, 1994. On May 6, 1994, the woman executed an extra-judicial consent pursuant to New York Domestic Relations Law § 115-b, and the petitioners subsequently returned to New York with the infant.

On May 12, 1994, the petitioners filed a petition for adoption requesting an order, *inter alia,* granting them temporary guardianship of the child and approving the adoption. On May 13, 1994, the petitioners advised the court that the adoptive father had been relocated to Florida by his employer and requested that the court expedite the completion of the adoption. Subsequently, in an order dated July 13, 1994, the Family Court, Westchester County, dismissed the petition based on lack of jurisdiction, and adhered to this determination in its order dated September 16, 1994.

The Family Court's act of *sua sponte* relinquishing jurisdiction over the adoption proceeding was an abuse of discretion. The adoption proceeding was substantially underway when the petitioners were compelled to move to Florida. Inasmuch as the petitioners justifiably relied upon New York law, which conflicts with that of Florida on various issues, they would suffer substantial prejudice if they were required to reinitiate this proceeding in Florida. Indeed, it is possible that under Florida law the natural mother's consent would need to be re-executed. Bracken, J. P., Joy, Friedmann and Florio, JJ., concur.